UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GRANITE RE, INC.,                                   Case No. 19-CV-3074 (PJS/BRT)

            Plaintiff,

v.                                                                         ORDER

HUTTON, INC., DAVID HUTTON,
PAULETTE HUTTON, DAN HUTTON,
JUDY HUTTON, SCOTT HUTTON, LISA
HUTTON, and NICOLLET COUNTY,

            Defendants.

      David H. Gregerson and Daniel R. Gregerson, GREGERSON, ROSOW, JOHNSON & NILAN, LTD., for plaintiff Granite Re, Inc.

      Amanda M. Mills, Brian S. McCool, and Mark W. Vyvyan, FREDRIKSON & BYRON, P.A., for defendants Hutton, Inc., David Hutton, and Paulette Hutton.

      Andrew H. Bardwell and William R. Skolnick, SKOLNICK & JOYCE, P.A., for defendants Lisa Hutton, Scott Hutton, Dan Hutton, and Judy Hutton.

      Roger C. Justin, RINKE NOONAN, for defendant Nicollet County.

In March 2017, defendant Hutton, Inc. entered into a construction contract with defendant Nicollet County. Plaintiff Granite Re, Inc. ("Granite") was the surety on the project. After Nicollet County formally declared the contract in default, Granite Re filed this declaratory-judgment action seeking a determination of the parties' respective

rights and obligations. This matter is before the Court on Nicollet County's motion to dismiss.

The dispute in this case is identical in all material respects to the corresponding dispute in *Granite Re, Inc., v. Northern Lines Contracting*, No. 19-CV-2832 (PJS/ECW) (D. Minn. filed Nov. 11, 2019). On August 12, 2020, this Court issued an order dismissing Granite's complaint in *Northern Lines* because the mandatory forum-selection clause in the construction contract required the litigation to be venued in state court in the county in which the project was located. The same analysis governs Granite Re's claims in this case. Accordingly, for the reasons described in the Court's August 12, 2020 order in *Northern Lines*, this action is dismissed without prejudice under the doctrine of forum non conveniens. Only one matter warrants further discussion.

Granite Re's third amended complaint in this action alleges that Nicollet County wrongfully terminated its contract with Hutton. ECF No. 13 ¶ 17. The Hutton defendants argue in a footnote that "if, as [Nicollet] County argues, it properly terminated the Construction Contract, the Construction Contract's forum selection clause would no longer be in full force and effect." ECF No. 30 at 11–12 n.2; ECF No. 32. A survival clause immediately following the forum-selection clause in the construction contract provides that "[a]ll representations, warranties and guarantees made in the

Contract documents shall survive final payment, termination or completion of this agreement." ECF No. 21-1 at 19. Because the forum-selection clause is not explicitly included on this list, the Hutton defendants argue that the clause "does not survive the County's purported termination of the Construction Contract," and that the parties are therefore free to litigate their claims in federal court. ECF No. 30 at 12 n.2.

Although "[n]ormally, the parties' obligations expire when a contract terminates, . . . provisions related to the manner in which disputes are resolved generally survive the contract's termination" and continue to apply to disputes that "accrued before the agreement's termination." *Serv. Team of Pros., Inc. v. Folks*, No. 18-0048-CV-W-BP, 2018 WL 2051516, at *2 (W.D. Mo. May 2, 2018) (collecting cases).[1] The fact that the construction contract's survival clause does not explicitly list the forum-selection clause

---

[1]*See also Silverpop Sys., Inc. v. Leading Mkt. Techs., Inc.*, 641 F. App'x 849, 857 (11th Cir. 2016) ("While contractual obligations may expire upon the termination of a contract, provisions that are structural (e.g., relating to remedies and the resolution of disputes) may survive that termination."); *U.S. Smoke & Fire Curtain, LLC v. Bradley Lomas Electrolok, Ltd.*, 612 F. App'x 671, 672–73 (4th Cir. 2015) ("Generally, dispute-resolution provisions, such as forum-selection clauses, are enforceable beyond the expiration of the contract if they are otherwise applicable to the disputed issue and the parties have not agreed otherwise."); *Cottman Ave. PRP Grp. v. AMEC Foster Wheeler Env't Infrastructure Inc.*, 439 F. Supp. 3d 407, 435 (E.D. Pa. 2020) ("Courts have repeatedly held that such clauses can survive termination of the agreement where they are broadly written to apply to 'any legal dispute' and the dispute involves facts and occurrences that arose before expiration of the contract."); 13 Arthur L. Corbin & Joseph M. Perillo, Corbin on Contracts § 67.2, at 12 (rev. ed. 2003) ("Although termination and cancellation of an agreement extinguish future obligations of both parties to the agreement, neither termination nor cancellation affect those terms that relate to the settlement of disputes or choice of law or forum selection clauses.").

among the surviving provisions does not alter this conclusion.  *See AAMCO Transmissions, Inc. v. Romano*, 42 F. Supp. 3d 700, 707 (E.D. Pa. 2014) ("Courts have upheld the applicability of forum selection clauses even where the termination provision of the contract expressly provides for the survival of certain enumerated provisions but not the forum selection clause." (collecting cases)).[2]  Even assuming, then, that the forum-selection clause is not one of the "representations, warranties [or] guarantees" made in the construction contract, the Court holds that it survived any termination of that contract.  ECF No. 21-1 at 19.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Nicollet County's motion to dismiss [ECF No. 18] is GRANTED and this matter is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

| | |
|---|---|
| Dated:  August 14, 2020 | s/Patrick J. Schiltz<br>Patrick J. Schiltz<br>United States District Judge |

---

[2]*See also Silverpop Sys.*, 641 F. App'x at 858 ("[C]onstruing the survival clause as limited to the performance obligations of the agreement properly gives meaning to the relevant provisions," such that structural provisions "remain unaffected by the termination of the agreement and apply uniformly regardless of whether the agreement is in force or has been terminated."); *Tristate HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 534–35 (E.D. Pa. 2010) (collecting cases), *as amended on other grounds*, No. 10-1054, 2011 WL 204738 (E.D. Pa. Jan. 21, 2011).